Daniels, J.
The applicants, who are trustees under the will of Jacob Straut, deceased, applied under the authority of chapter 275 of the Laws of 1882, for leave to mortgage the property in controversy to raise money to pay off taxes, interest and charges against the trust estate. This they were authorized to do by the act of 1882, whenever it shall appear to the satisfaction of the court that it is for the best interests of the trust estate so to do, and it is necessary for the benefit of the estate to raise by mortgage thereon funds for the purpose of preserving or improving the estate. This necessity was set forth in the petition, and it was proved by the evidence taken upon the hearing before the referee *281 and found by his report upon such evidence. And the court, under the statute, was authorized to allow a mortgage to be executed and delivered upon the trust estate to raise the money which it had become necessary the trustees should raise to enable them to pay off the taxes and assessments and to redeem the trust estate, and in that manner preserve and maintain it for the benefit of the persons entitled to the proceeds of the trust. As to the sufficiency of the evidence and the conclusions of the referee upon these subjects, no exceptions were presented at any time to his report, and it so far accordingly became final under the operation and effect of rule 30 of the general rules of practice. But as to one-seventh of the «estate devised by the testator to his son, Edward J. Straut, and four-fifths of another seventh, the title to which was afterwards acquired by him, the order appears to have been unauthorized. For the utmost extent of the authority provided by the act of 1882 was to invest the court with power to permit the trustees to incumber by mortgage the trust estate. And the estate of the trustees extended no further than to five-sevenths and three-fifths of a one-seventh of the property described in the proceedings.
To justify the order including the additional seventh and four-fifths of a seventh of the estate, reliance has been placed upon the fact that the owner of that part of the property had in his capacity as executor and trustee, so far misappropriated the estate of the testator as to entitle the trustees to appropriate his interest in this property to the benefit of the trust, or in other words, to charge upon his interest the liability he had incurred to the estate in the course of his mismanagement and the misappropriation of the funds. But until that shall be done, the devisees of Edward J. Straut, who was deceased before the time of the making of this application, must be legally divested of their title, or interest, in these portions of the property. Until then they remain its legal owners, and the trust extends no further than to the five-sevenths already mentioned and three sevenths of another seventh. As to the other interests, the court had no jurisdiction over them under the act of 1882, for that has been limited solely to the trust estate, and as these were in reality no part of the trust estate, they cannot be affected by the order made in this proceeding.
It has been alleged, however, that the appellants are not in a condition to insist upon this objection, for the reason that they have filed no exceptions to the report of the referee; but that was not necessary to entitle them to question this part of the order. For as the court under the statute had no authority to extend it so far as to include these interests *282 not affected by the trust, it was without jurisdiction, and when an order has been made without jurisdiction, it may be brought in question whenever the proceedings affected by it are presented to the court for its consideration. Dudley v. Mayhew, 3 Com., 9; Chemung Bank v. Judson, 4 Seld., 254; Roderigas v. East River Savings Inst., 63 N. Y., 460; Craig v. Tovm, etc., 93 N. Y., 405, 410-11.
The authority of the court to extend the order over the. property represented and owned by the appellants is, therefore, open to consideration, although no exception was taken to the report of the referee, formally presenting it, and to that extent the order which has been made was unauthorized. Whatever power the court possesses over this subject has been conferred by the statute, and on the application of /the trustees, no more can be done than to permit them to mortgage the trust estate. So far as the order includes this one-seventh and the four-sevenths of one-seventh, it should be reversed with ten dollars costs and also disbursements, and as to the residue of the property mentioned in it, the order should be affirmed.
Van Brunt, P. J., and Bartlett, J., concur.